**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50432 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00826-GW-1 |
| v. | |
| EDGARDO PRADO CASTANEDA, AKA Primo, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Edgardo Prado Castaneda appeals from the 120-month sentence imposed

following his guilty plea to distribution of methamphetamine in violation of 21

U.S.C. § 841(a)(1) and (b)(1)(A)(viii).  We have jurisdiction pursuant to 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291 and 18 U.S.C. § 3742(a). We review de novo the district court's interpretation and application of the Sentencing Guidelines and review its factual findings for clear error. *United States v. Real-Hernandez*, 90 F.3d 356, 360 (9th Cir. 1996). We vacate the sentence and remand for resentencing.

Castaneda contends that the district court erred by failing to provide reasons for denying safety-valve relief from the mandatory minimum sentence imposed by 21 U.S.C. § 841(b)(1)(A)(viii). Pursuant to 18 U.S.C. § 3553(f), the district court must disregard the statutory minimum sentence if it finds at sentencing that the defendant meets the five criteria for safety-valve relief. *Real-Hernandez*, 90 F.3d at 360–62. The court must provide a sufficient record to allow "meaningful appellate review" and, at the time of sentencing, must provide its reasons for applying or declining to apply safety-valve relief. *Id.* at 360.

At the sentencing hearing, the district court found Castaneda ineligible for safety-valve relief, but the record does not indicate the basis for that determination. The court appears to have declined to decide whether Castaneda had a leadership role in the offense for purposes of § 3553(f)(4). Though the government indicated that it also disputed Castaneda's eligibility for relief under § 3553(f)(2) and (5), the court did not address those criteria. Instead, the court merely stated its belief that the government was correct regarding Castaneda's ineligibility for relief. This is

2

an insufficient record for appellate review.  *See Real-Hernandez*, 90 F.3d at 360;

*see also United States v. Franco-Lopez*, 312 F.3d 984, 993 (9th Cir. 2002).

Castaneda's motion for an extension of time to file his reply brief is granted.

The brief submitted on November 3, 2011, is deemed filed.

The sentence of the district court is vacated, and the case is remanded for

resentencing.

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**